■ DOUGLAS LIEBERMAN, an Infant, by JERRY LIEBERMAN, His Father and Natural Guardian, et al., Appellants, v CAMP SEQUOIA, INC., et al., Respondents. CAMP SEQUOIA, INC., Respondent, v JERRY LIEBERMAN et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered August 15, 1975 in Sullivan County, which denied a motion by appellants to consolidate two actions. On this appeal, the sole question presented is whether or not the denial by Special Term of appellants' motion to consolidate two actions (see CPLR 602) was proper, and we hold that it was not. It appears that appellants Jerry and Lorraine Lieberman agreed contractually with Camp Sequoia, Inc., to send their three sons to the corporation's summer camp in 1974 and to pay a tuition fee of $1,200 per child plus additional miscellaneous charges. Subsequently, however, the Liebermans maintain that one of their sons, Douglas, was assaulted by Roy Mittleman, an employee and counsellor at the camp, and that he was otherwise mistreated and improperly supervised and protected at the camp. As a result, the Liebermans withdrew all three of their children from the camp long before the summer session was completed and allegedly paid only a portion of the tuition and other charges due and owing for each child. Out of this situation arose initially Action No. 2, wherein Camp Sequoia, Inc., seeks to recover the balance of the unpaid tuition and charges, and then Action No. 1, wherein four causes of action are pleaded, two sounding in negligence and one in contract and one for assault, and damages are sought for the infant Douglas and, derivatively, for his father, Jerry Lieberman. Special Term thereafter denied appellants' motion to consolidate the two actions. Upon our review of the record, we conclude that the denial of appellants' motion constituted an improvident exercise of discretion. From the description set forth above of the situation which gave rise to the two actions, it is readily apparent that the resolution of the two disputes will necessarily involve consideration of common questions of law and fact, e.g., the parties' various duties and obligations under the contracts whereby the boys attended the camp and their conduct in relation thereto. Moreover, it is likewise clear that a consolidated trial will result in substantial savings in time, effort and expense, and we perceive of no possible prejudice resulting to any party therefrom. In this latter regard, Special Term's indication of possible prejudice to the infant claimant must be discounted since it is without support in the record and, significantly, counsel for the infant is pressing this appeal. Under all of the above circumstances, the motion to consolidate should have been granted (cf. *Barazini v New Line Cinema Corp.,* 52 AD2d 543). Order reversed, on the law and the facts, motion to consolidate granted, and matter remitted for a trial, with costs to abide the event. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.